**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT POVADORA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RALPH DIAZ,<br><br>　　　　Respondent. | No.  2:20-CV-1074-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss the instant action as untimely.  See ECF No. 11.

**I.  BACKGROUND**

Petitioner was convicted of 17 criminal counts against four different women.  See ECF No. 13-2, pg. 1 (unpublished decision of the California Court of Appeal on direct review in People v. Povadora, case no. C067732).  The counts included:  forcible rape, forcible sodomy, forcible oral copulation, kidnapping, and false imprisonment.  See id.  The jury found true numerous special allegations, including the personal use of a deadly weapon and commission of crimes against multiple victims.  See id.  Petitioner was sentenced to 315 years to life plus 17 years in state prison.

1

      Petitioner's conviction and sentence were affirmed on direct appeal on November 26, 2012. See id. On February 13, 2013, the California Supreme Court denied direct review without prejudice to relief that may be available to Petitioner following that Court's decision in People v. McCullough. See ECF No. 13-4. Petitioner did not seek certiorari in the United States Supreme Court.

      Petitioner then filed the following state court post-conviction actions:

| | | |
|---|---|---|
| First Action | Filed on July 6, 2016, in the Los Angeles County Superior Court. See ECF No. 13-5. | |
| | Denied on August 3, 2016, in a reasoned decision. See ECF No. 13-6. | |
| Second Action | Filed in the California Court of Appeal on January 6, 2017. See ECF No. 13-7. | |
| | Denied on February 2, 2017, without comment or citation. See ECF No. 13-8. | |
| Third Action | Filed in the Sacramento County Superior Court on March 11, 2019. See ECF No. 13-9. | |
| | Denied on April 29, 2019, in a reasoned decision. See ECF No. 13-10. | |
| Fourth Action | Filed in the California Court of Appeal on May 13, 2019. See ECF No. 13-11. | |
| | Denied on October 18, 2019, without comment or citation. See ECF No. 13-12. | |
| Fifth Action | Filed in the California Supreme Court on November 14, 2019. See ECF No. 13-13. | |
| | Denied on April 29, 2020, without comment or citation. See ECF No. 13-14. | |

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28

1 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court
2 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
3 review.  See 28 U.S.C. § 2244(d)(1).  Where, as here, a petition for review by the California
4 Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court,
5 the one-year limitations period begins running the day after expiration of the 90-day time within
6 which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d
7 1243, 1246 (9th Cir. 2001).

8 The limitations period is tolled, however, for the time a properly filed application
9 for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
10 "properly filed," the application must be authorized by, and in compliance with, state law.  See
11 Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.
12 DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a
13 state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
14 and the failure to comply with those time limits precludes a finding that the state petition is
15 properly filed).  A state court application for post-conviction relief is "pending" during all the
16 time the petitioner is attempting, through proper use of state court procedures, to present his
17 claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  The period between the
18 conclusion of direct review and the filing of a state post-conviction application, however, does
19 not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

20 In this case, the limitations period began running on May 15, 2013, which is the
21 day after expiration of the 90 days within which to seek certiorari in the United States Supreme
22 Court following the California Supreme Court's denial of direct review on February 13, 2013.
23 Absent tolling, the limitations period ended one year later on May 14, 2014.  Because Petitioner
24 did not file his first state court post-conviction action until over two years later in July 2016,
25 Petitioner is not entitled to any statutory tolling and the instant federal petition, filed in May
26 2020, is untimely by six years.
27 / / /
28 / / /

3

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss, ECF No. 11, be granted;
2. Petitioner's "Motion for Summary Judgment/Default," ECF No. 14, be denied as moot; and
3. This action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4